IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HECTOR URENA** | ) <br> ) <br> ) **Civil Action No. 14-5788-TJS** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| **Plaintiff,** | |
| v. | |
| **TRANS UNION, LLC, et al.** | |
| **Defendants.** | |

### REPORT OF RULE 26(f) MEETING

Plaintiff Hector Urena ("Plaintiff") and Defendant Equifax Information Services LLC ("Equifax") conferred on December 29, 2014 and submit the following Rule 26(f) Report for this Court's consideration in advance of the Pretrial Conference in the above matter scheduled for Tuesday, January 6, 2015 at 11:30 A.M.

**1.** **Discussion of Claims, Defenses and Relevant Issues**

**Plaintiff:**

Plaintiff brings this action for damages against Defendant Equifax, a national credit reporting agencies, alleging violations of the Fair Credit Reporting Act ("FCRA") for its failure to assure the maximum possible accuracy of the Plaintiff's consumer credit files and for failing to provide Plaintiff with a copy of his credit disclosure upon request. Specifically, Defendant marked Plaintiff as "deceased" on his credit report. As a result of Defendant's inaccurate reporting, Plaintiff has lost credit opportunities, experienced damage to his credit reputation and suffered emotional distress. Moreover, Plaintiff ability to address the problem was frustrated by Equifax's refusal to provide Plaintiff with a copy of credit disclosure when he requested it from Equifax.

Plaintiff seeks statutory, actual and punitive damages, as well as his costs of the action together with reasonable attorney's fees once he is successful in establishing liability.

**Equifax:**

Defendant Equifax is a consumer reporting agency as defined by the FCRA. Equifax denies Plaintiff's claims and denies that it violated the Fair Credit Reporting Act in handling Plaintiff's credit file. Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Plaintiff did not contact Equifax to dispute any information. Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax denies that Plaintiff can support a claim for punitive damages in this action.

2. **Informal Disclosures**

The parties will serve their initial disclosures prior to the date of the Pretrial Conference with the Court.

3. **Formal Discovery**

The parties anticipate that discovery relating to both questions of liability and Plaintiff's damages will be necessary prior to the filing of dispositive motions, including the exchange of written discovery and responses and documents thereto and the depositions of the parties and party representative. In order to complete these discovery tasks, the parties suggest the factual discovery proceed through March 30, 2015.

4. **Electronic Discovery**

The parties have agreed to produce any electronically stored information in hard copy as an initial matter. Once the parties have had the opportunity to review such documents, the parties

agree, if necessary, to confer between themselves regarding any additional exchange or production that any party believes necessary, before bringing the matter before the Court.

**5.     Expert Witness Disclosures**

Plaintiff does not anticipate using an affirmative expert witness at this time. The Defendant however reserves the right to submit an expert report in this matter.

**6.     Early Settlement or Resolution**

Plaintiff is amenable to conducting a settlement conference before the Magistrate Judge at the close of factual discovery.  Equifax requests an early settlement conference, in January 2014.

**7.     Trial date**

Pretrial and trial requirements and deadlines should be set abiding by any ruling on dispositive motions.

**8.     Other Matters**

The parties may request the Court enter a stipulated protective order if Plaintiff requests from Defendant any documents that contain confidential or trade-secret information.

Respectfully Submitted,

| **FRANCIS & MAILMAN, P.C.** | **CHRISTIE PARABUE AND YOUNG, P.C.** |
|---|---|
| /s/ *Gregory Gorski* | /s/ *James W. Christie* |
| GREGORY GORSKI | JAMES W. CHRISTIE |
| Land Title Building, 19th Floor | JOHN C. MCNAMARA |
| 100 South Broad Street | 1880 JFK Boulevard, 10th Floor |
| Philadelphia, PA 19110 | Philadelphia, PA 19103 |
| Phone: (215) 735-8600 | Phone: (215) 587-1656 |
| Fax: (215) 940-8000 | Fax: (215) 587-1699 |
| ggorski@consumerlawfirm.com | jwchristie@cpmy.com |
|  | jcmcnamara@cpmy.com |
| *Attorney for Plaintiff* |  |
|  | *Attorneys for Defendant* |
| Dated: December 30, 2014 | *Equifax Information Services LLC* |